UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:98CR396 RWS |
| | ) | |
| TIEWYON WILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Tiewyon Wiley's Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) [#56]. The motion will be denied.

Wiley argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Wiley argues that Amendment 674 (effective November 1, 2004) to the United States Sentencing Guidelines served to retroactively lower his sentence, and as a result, his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2). Wiley is incorrect.

Under 18 U.S.C. § 3582:

The court may not modify a term of imprisonment once it has been imposed except that--

\* \* \*

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under U.S.S.G. § 1B1.10:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

* * *

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657.

The Commentary to § 1B1.10 states, "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."

Wiley claims that he deserves relief under Amendment 674 because he was sentenced pursuant to U.S.S.G. § 4B1.4, and that sentences under § 4B1.4 were modified in the Amendment. However, Wiley was sentenced pursuant to U.S.S.G. § 2D1.1, not under § 4B1.4. Section 2D1.1 was not substantively modified by Amendment 674. As a result, Wiley is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 674.

Even if Wiley's sentence were affected by Amendment 674, he would not be entitled to a reduced sentence because Amendment 674 is not listed in U.S.S.G. § 1B1.10(c). As a result, it does not provide for retroactive relief. Amendments to the Guidelines not listed in U.S.S.G. § 1B1.10(c) do not implicate relief under 18 U.S.C. § 3582(c)(2). Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998).

Additionally, Wiley's motion will be denied because he has waived his right to bring this

motion. Wiley entered into a plea agreement with the Government on November 25, 1998. The plea agreement states:

> The Defendant knowingly and voluntarily waives his right to challenge his conviction or sentence or the manner in which they were determined–except for the grounds of prosecutorial misconduct, ineffective assistance of counsel, and a possible future change of U.S.S.G., Section 2D1.1 for cocaine base(crack cocaine)–by means of any collateral attack . . . or by means of any other petition for relief of any description."

Because the present motion does not fall under any of the exceptions stated in the plea agreement, Wiley has waived the right to the relief he seeks.

As a result of the reasons stated above, Wiley's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Tiewyon Wiley's Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) [#56] is **DENIED**.

Dated this 23rd day of September, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE